DA 06-0428

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 224

IN RE THE MATTER OF THE MENTAL
HEALTH OF E.P.B.,

     Respondent and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DI-06-50
Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Francis P. McGee, Attorney at Law, Butte, Montana

     For Respondent:

     The Honorable Mike McGrath, Attorney General; C. Mark Fowler
Assistant Attorney General, Helena, Montana

     Robert McCarthy, Silver Bow County Attorney; Brad Newman, Eileen Joyce
Deputy County Attorneys, Butte, Montana

Submitted on Briefs:  August 22, 2007

Decided:  September 11, 2007

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     E.P.B. appeals from the order entered by the Second Judicial District Court, Silver Bow County, committing her to the Montana State Hospital. We reverse and remand with instructions.

¶2     E.P.B. raises several issues, some of which are not properly before us because they are raised for the first time on appeal. The restated and dispositive issue on appeal is whether the District Court made statutorily sufficient findings to support E.P.B.'s commitment.

## BACKGROUND

¶3     On May 30, 2006, a deputy county attorney in Silver Bow County petitioned the District Court for an order to detain E.P.B. for purposes of a mental health evaluation, and to conduct an initial hearing to determine whether probable cause existed to pursue involuntary commitment. According to the petition, police officers brought E.P.B. to the emergency room of St. James Healthcare on May 27 because she was standing in the street in Butte with her luggage and staring ahead for a considerable length of time in a near catatonic state. Rick Wagner, a mental health professional, evaluated E.P.B. and discovered that she had an identification card from Spokane Community College and a social security card in her possession. It appeared E.P.B. had gotten off a bus in a nearby community. The petition maintained that E.P.B. did not talk, tried to leave the emergency room, and wrote "non-sensible notes in block letters." The petition further stated that Wagner believed E.P.B. was unable to take care of her needs and might be a danger to herself or others, and recommended commitment to the Montana State Hospital. A handwritten letter from Wagner to a deputy

2

county attorney and a document entitled "brief contact/consultation summary" were attached to the petition.

¶4 The District Court held an initial hearing on May 30 and entered an order setting a hearing on the merits of the petition for involuntary commitment for May 31. At that hearing, mental health professional Delbert D. Fischer testified in support of the petition, and E.P.B. testified on her behalf. Near the close of the hearing, the District Court asked the deputy county attorney if he had an order prepared, and the deputy county attorney replied affirmatively. The District Court read aloud the conclusions of law and order portions contained in the written order prepared by the deputy county attorney, and ordered E.P.B. committed to the Montana State Hospital, authorizing the chief medical officer there to administer medication involuntarily. The court signed and entered the written order. E.P.B. appeals.

## STANDARD OF REVIEW

¶5 We ordinarily review a court's findings of fact in an involuntary commitment case to determine whether, upon viewing the evidence in a light most favorable to the prevailing party, the findings are clearly erroneous. *In re G.M.*, 2007 MT 100, ¶ 12, 337 Mont. 116, ¶ 12, 157 P.3d 687, ¶ 12 (citation omitted). The threshold issue in this case, however, is whether the District Court's findings meet statutory requirements. In such cases, we are presented with a question of law, and we exercise *de novo* review to determine whether the court correctly interpreted and applied relevant statutes. *See Jacobsen v. Thomas*, 2006 MT 212, ¶ 13, 333 Mont. 323, ¶ 13, 142 P.3d 859, ¶ 13 (citations omitted).

3

**DISCUSSION**

¶6     *Did the District Court make statutorily sufficient findings to support E.P.B.'s commitment?*

¶7     The statutes governing involuntary commitment, set forth in Title 53, Chapter 21, Part 1, MCA, are critically important due to the "calamitous effect of a commitment." *See G.M.*, ¶ 19 (citation omitted). We have long held that these statutes must be strictly followed. *See, e.g.*, *In re Mental Health of C.R.C.*, 2004 MT 389, ¶ 13, 325 Mont. 133, ¶ 13, 104 P.3d 1065, ¶ 13; *In re Mental Health of D.L.T.*, 2003 MT 46, ¶ 8, 314 Mont. 297, ¶ 8, 67 P.3d 189, ¶ 8, *overruled on other grounds by Johnson v. Costco Wholesale*, 2007 MT 43, ¶ 21, 336 Mont. 105, ¶ 21, 152 P.3d 727, ¶ 21; *In re Mental Health of T.J.D.*, 2002 MT 24, ¶ 20, 308 Mont. 222, ¶ 20, 41 P.3d 323, ¶ 20; *Matter of R.M.*, 270 Mont. 40, 44, 889 P.2d 1201, 1204 (1995).

¶8     At a trial or hearing on a petition for involuntary commitment, a district court first determines whether the respondent is suffering from a mental disorder and, if so, determines whether the respondent requires commitment. In determining whether the respondent requires commitment and the appropriate disposition, a trial court must consider criteria including whether the respondent, because of a mental disorder, is substantially unable to provide for his or her own basic needs of food, clothing, shelter, health or safety; and whether, because of a mental disorder, there is an imminent threat of injury to the respondent or to others because of the respondent's acts or omissions. Sections 53-21-126(1)(a) and -126(1)(c), MCA.

¶9     As the petitioner, the State of Montana bears the burden of proving any physical facts

4

or evidence beyond a reasonable doubt, the respondent's mental disorder to a reasonable medical certainty, and any other matters by clear and convincing evidence. Section 53-21-126(2), MCA. In ordering commitment, the court must make a detailed statement of the facts upon which it found the respondent to be suffering from a mental disorder and requiring commitment. Section 53-21-127(8)(a), MCA.

¶10 The order committing E.P.B. contains three findings of fact:

1. The Respondent, [E.P.B.] is a transient person temporarily in the City of Butte, County of Silver Bow, State of Montana.

2. Delbert D. Fischer, M.Ed., the professional person who evaluated the Respondent, testified that in his opinion and to a reasonable medical certainty, the Respondent suffers from a mental disorder requiring commitment, specifically psychotic disorder. Fischer testified that the Respondent presently constituted an imminent danger to herself and was unable to provide for her own basic needs of health and safety. Fischer testified that the Respondent's mental disorder was amenable to treatment, but that the Respondent refused any voluntary course of treatment. Fischer also testified that the Respondent, in her present mental condition, was unable to make informed decisions concerning her mental health care and the necessity of taking appropriate medications. Accordingly, Fischer recommended that the Court commit the Respondent to the state hospital on an involuntary basis for appropriate care and treatment and that the Court authorize the provision of medications to the Respondent on an involuntary basis, if necessary.

3. Fischer's testimony was consistent with the initial report of evaluation done by Richard P. Wagner, LCSW, another qualified professional person.

The order also contains four conclusions, including that E.P.B. "presently suffers from a serious mental illness requiring commitment, as evidenced to a reasonable medical certainty by the testimony of [Fischer], a qualified mental health professional," and E.P.B. "in her present mental condition constitutes an imminent danger to her own life and health and is

5

unable to provide for her own basic needs of health and safety."

¶11     On appeal, the State contends it presented sufficient evidence to warrant E.P.B.'s commitment under § 53-21-126(1), MCA. Because we conclude the District Court entered legally insufficient *findings* and failed to discharge its statutory duties, we do not address the sufficiency of the *evidence* in this case.

¶12     As noted above, the record reflects the deputy county attorney prepared the order signed by the District Court, and—given the deputy county attorney's production of the order before the hearing ended and the lack of any reference to E.P.B.'s testimony—it is relatively clear that the order was prepared before the hearing commenced. Involuntary commitment statutes afford the respondent numerous rights, including rights to due process of law, to be present at any hearing, to offer evidence, and to present and cross-examine witnesses. *See* §§ 53-21-101(4), -115(2) and -115(4), MCA. As these and other statutes make clear, a hearing on a petition for involuntary commitment is not merely a *pro forma* requirement, but an opportunity for the parties—both the petitioner and the respondent—to present evidence upon which the trial court can make required findings and enter appropriate orders. In a different case, adoption of a petitioner's proposed findings and conclusions might be appropriate in light of the evidence presented, but district courts must—at the very least— ensure that such "prepared" orders comply with statutory mandates. *See, e.g.*, *In re C.R.C.*, ¶ 13.

¶13     The findings in the order committing E.P.B. are a far cry from the "detailed statement of the facts" a trial court must make pursuant to § 53-21-127(8)(a), MCA, in ordering

commitment. Merely reciting witness Fischer's testimony and stating it was consistent with another professional person's evaluation is in no way equivalent to making findings of fact—based on the applicable standards of proof—that a person is suffering from a mental condition and requires commitment. Nor do conclusory statements of statutory criteria and broad references to a witness' testimony—such as those in the conclusions at issue here—constitute strict compliance with the statutory mandate of § 53-21-127(8)(a), MCA. *See In re G.M.*, ¶ 22.

¶14     We hold the District Court erred in failing to make statutorily sufficient findings to support E.P.B.'s commitment.

¶15     Reversed and remanded with instructions to enter an order vacating the commitment order.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS

Justice Jim Rice dissents.

¶16     In ¶ 11, the Court explains that the State argues that sufficient evidence was presented to warrant E.P.B.'s commitment, but because the Court concludes that the District Court's findings are legally insufficient, it will not address the sufficiency of the evidence.

7

¶17 The State addressed the sufficiency of the evidence because that issue was raised by the Appellant: "E.P.B. contends that the entirety of the testimony, taken as a whole, did not and does not rise to the level of a mental disorder that substantially and adversely impacts cognitive and volitional functions. . . . [T]he District Court misapprehended the effect of the evidence . . . ." *Appellant's Opening Brief*, pp. 14-15. The State did not address the legal sufficiency of the findings, the ground upon which the Court is reversing, because that issue was <u>not</u> raised on appeal by the Appellant. Given that the issue was not raised, it is small wonder why the State did not address it. The State thus had no opportunity to offer argument on the question which the Court concludes is dispositive.

¶18 I would decide the case upon the issues which have been brought before us.


/S/ JIM RICE