Justice Laurie McKinnon, dissenting.
¶21 There must be a hearing to determine if a respondent knowingly and intentionally waived her rights pursuant to § 53-21-119(1), MCA. If the respondent is not present at that hearing, then the court must strictly follow waiver of physical presence as described in § 53-21-119(2), MCA. As neither occurred here, I would reverse S.D.'s commitment. I dissent from the Court's decision that a mentally ill person may be involuntarily committed by signing paperwork, which is approved by the court in a two-page order without holding a hearing. Such a practice is inconsistent with our statutory scheme; our jurisprudence establishing strict protections for the rights of mentally ***124 ill persons; and our requirement that a judge perform a diligent inquiry at a hearing to determine if the respondent is capable of making a knowing and intentional decision.
a. A hearing and waiver of the right to be physically present is statutorily required.
¶22 I begin my analysis with the statutory scheme, which is to be "administered with full respect for the person's dignity and personal integrity" and ensures that "due process of law is accorded any person coming under the provisions of this part." Section 53-21-101(1), (4), MCA. In addition to "any other rights that may be guaranteed by the constitution of the United States and of this state," § 53-21-115(1) - (4), (7) MCA, enumerates some of a respondent's rights and establishes that a respondent has "the right to notice reasonably in advance of any hearing ..."; "the right in any hearing to be present, to offer evidence, and to present witnesses ..."; "the right to know, before a hearing , the names and addresses of any witnesses who *128 will testify in support of a petition"; "the right in any hearing to cross-examine witnesses"; and "the right in any hearing to be proceeded against according to the rules of evidence applicable to civil matters generally." (Emphasis added.) It is thus clear that § 53-21-115, MCA, contemplates a hearing in an involuntary commitment proceeding.
¶23 Additionally, § 53-21-115, MCA, provides that a person involuntarily detained has "other rights that may be guaranteed by the constitution of the United States and of this state ...." These other rights would include, at a minimum, those afforded to a person accused of committing a crime, such as the right to "appear and defend in person and by counsel" at his trial. Mont. Const. art. II, § 24. A person involuntarily detained or against whom a petition has been filed faces a significant deprivation of liberty, just as an accused criminal defendant faces, and is therefore entitled to at least the same fundamental constitutional and statutory rights afforded to an accused. This Court has long recognized that constitutional due process protections for an accused provide that "[i]f a defendant chooses to waive his right to be present at a critical stage of the trial, the court must obtain an on-the-record personal waiver by the defendant acknowledging the defendant voluntarily, intelligently, and knowingly waives that right." State v. McCarthy , 2004 MT 312, ¶ 32, 324 Mont. 1, 101 P.3d 288. The Court's conclusion that a respondent who signed paperwork prepared by her counsel may be committed without any hearing provides less constitutional due process protection than is afforded to those accused of committing crimes. The Court's reasoning is fundamentally unsound.
***125 ¶24 The Court's conclusion is inconsistent with the statutory scheme for another important reason: § 53-21-119(1) - (2), MCA, particularizes the procedure by which many rights may be waived. Indeed, while a respondent may waive the right to be physically present at a hearing if "the person's counsel and friend of respondent, if a friend of respondent is appointed" act together and "a record is made of the reasons for the waiver," the Court concludes today that signing a form prepared by her attorney may dispense of a respondent's right to the trial itself. See § 53-21-119(1), MCA. In doing so, the Court throws the baby out with the bathwater and renders the waiver procedure pertaining to a respondent's presence during trial superfluous. The statutory requirements for waiving specific rights that occur during the hearing or trial itself no longer have meaning or purpose if the trial can be dispensed of by signing a form.
¶25 Also problematic are the Court's repeated references to S.D.'s court filing entitled "Waiver of Hearing on Petition" as evidence that became part of the "record." Opinion, ¶ 15. The Court describes them as "representations [which] were 'made by the respondent [her]self' and placed on the record in S.D.'s written waiver." Opinion, ¶ 15 (quoting In re A.M. , ¶ 16 ) (emphasis added).[1] However, no matter how the Court chooses to characterize S.D.'s filing, it does not by virtue of such characterization become evidence in "the record before the committing court." Opinion, ¶ 18. In In re L.K.-S. , ¶ 27, this Court reversed a commitment after concluding the record did not support the trial court's express finding that the appointed professional person concurred in the waiver of L.K.-S.'s right to a jury trial. L.K.-S. was yelling during the proceeding, which prevented the court reporter from recording the professional person's waiver testimony. In re L.K.-S. , ¶ 23. This Court held that the requirements for accepting a waiver pursuant to § 53-21-119(2), MCA, did not exist in the record. In re L.K.-S. , ¶ 25. Here, as in In re L.K.-S. , there is no evidence or record upon which the District Court could find that S.D. intentionally and knowingly waived her right to trial. This is true no matter how many times this Court describes S.D.'s court filing by using the words "attesting," "representation," and "expressly acknowledged."
*129 ***126 ¶26 In my view, and as a final consideration of our statutory scheme, the Court also errs when it fails to address the waiver provisions of § 53-21-119, MCA, in their entirety. Section 53-21-119(1), MCA, addresses waiver of rights, with the exception of the right to be physically present, in two situations: (1) when a person is capable of making an intentional and knowing decision, the person may waive her rights; and (2) when she is not capable, her rights may be waived by her counsel and appointed friend "acting together if a record is made of the reasons for the waiver." Section 53-21-119(2), MCA, addresses the more specific right of the respondent to be "physically present" during the hearing, one obviously implicated if, as here, there is no hearing at all. The court would have certainly held a hearing had S.D. been present. A respondent may not waive her right to be physically present at her hearing, regardless of whether she is making an intentional and knowing decision , unless the judge agrees with her counsel and appointed friend's waiver on her behalf and makes findings, "supported by facts," that either (1) the respondent's presence at the hearing would "seriously adversely affect the respondent's mental condition"; and that an "alternative location for the hearing in surroundings familiar to the respondent would not prevent adverse effects" on her mental condition; or (2) the respondent "expressed a desire to waive" her presence. Section 53-21-119(2), MCA. Accordingly, the Legislature established a specific procedure for protecting a respondent's due process rights when a hearing would adversely affect her mental condition. Otherwise, as any other party must do, a respondent is required to appear at a hearing. While a respondent may waive her rights to contest the State's evidence, the State has presented, in the first instance, a sufficient basis for the hearing to occur. Importantly, we are not here considering the sufficiency of affidavits that establish a concurrence of S.D.'s attorney and appointed friend and a judicial determination supported by specific factual findings that presence at a hearing would adversely affect her mental condition and no alternative situation is available. Here, S.D. appeared at her initial appearance without incident. The State did not dismiss its petition and there is nothing, other than convenience of counsel and the court, establishing a basis to waive S.D.'s physical presence at a hearing where the court should have made an appropriate inquiry into her waiver.
¶27 I do not contend that a respondent may not waive her right to a contested hearing in accordance with the provisions of § 53-21-119(1), MCA. I do contend, however, that the provisions of § 53-21-119(2), MCA, remain applicable and may not be dispensed of by a respondent's ***127 signature on a form. The right to be physically present at a hearing is based upon principles of fairness and the notion that a respondent has the right to hear and see the evidence presented, defend against the allegations, meet witnesses face-to-face, assist and ensure counsel represents her interests, and to assist the judge in understanding why she does or does not need treatment and her preferences for treatment. The Court's interpretation of § 53-21-119(1), MCA, and conclusion that no hearing is required, without considering subsection (2), renders subsection (2) meaningless and the Court's waiver analysis incomplete. Accordingly, I would conclude that the statutory scheme provides there must be a hearing to determine if a respondent knowingly and intentionally waived her rights pursuant to § 53-21-119(1), MCA. If the respondent is not present at that hearing, then the waiver of physical presence as described in § 53-21-119(2), MCA, must be strictly followed.
b. This Court's jurisprudence requires a hearing to determine the validity of a waiver.
¶28 While we have not previously addressed a commitment where there was no hearing during the trial phase, our jurisprudence requires courts to strictly adhere to the statutory scheme and diligently inquire as to the waiver of trial rights. We specifically addressed § 53-21-119(2), MCA, in In re L.K. , ¶ 19. L.K. appeared from Warm Springs through Vision Net, but voluntarily left the room during the hearing and indicated she no longer wanted to be present. In re L.K. , ¶¶ 5-6. The district court continued with the hearing after advising L.K. that she *130 had the right to return and participate at any time. In re L.K. , ¶ 7. This Court reversed L.K.'s commitment, concluding the court insufficiently complied with the "express requirements" of § 53-21-119(2), MCA, which require a record be made that counsel and the appointed friend or professional person concurred in the waiver of L.K.'s right to be present. In re L.K. , ¶ 19. Although L.K. refused to remain at her trial and voluntarily left the hearing room at Warm Springs, this Court applied well-established precedent requiring strict statutory adherence and concluded that the provisions of § 53-21-119(2), MCA, had not been met.[2] ***128 ¶29 In In re R.W.K. , ¶ 9, the respondent was present for his trial and remained silent as his counsel represented to the court, in front of R.W.K.'s appointed friend, that R.W.K. waived his rights. We explained that "[t]hese statements concerning waiver were made in open court and in the presence of R.W.K. and the appointed friend." In re R.W.K ., ¶ 24. Under these circumstances, we concluded that the district court's determination "that R.W.K. was capable of making an intentional and knowing decision regarding his procedural rights, and [that R.W.K.] validly waived those rights" was supported by sufficient facts. In re R.W.K. , ¶ 21. In In re R.W.K. , neither the absence of a trial nor the presence of the respondent was at issue. Indeed, it was precisely because the respondent was present and remained silent during counsel's representations to the court and appointed friend that this Court was able to determine that the record adequately supported a waiver pursuant to § 53-21-119(1), MCA.
¶30 In In re P.A.C. , ¶ 4, P.A.C. was not present for the commitment hearing. The court nonetheless held a hearing wherein P.A.C.'s attorney advised the court that P.A.C. had been informed of "all her rights, including the right to be present, and she declined." In re P.A.C. , ¶ 4. Without addressing P.A.C.'s right to be physically present pursuant to § 53-21-119(2), MCA, this Court reversed the commitment, concluding that the court should have made further inquiry to determine whether P.A.C. was capable of making an intentional and knowing decision pursuant to § 53-21-119(1), MCA.[3] In re P.A.C. , ¶¶ 13-16. In contrast to In re P.A.C. , where a hearing occurred and this Court determined that the inquiry made by the court on the record was insufficient; here, the District Court made no record at all, did not ***129 establish a valid waiver of S.D.'s right to be physically present, and did not make an on-the-record inquiry.
¶31 In In re A.M. , ¶¶ 4-6, the respondent did appear in court for trial and counsel represented that A.M. wished to go to Warm Springs and did not want to have a hearing. We reversed, concluding the district court violated A.M.'s statutory and due process rights by failing to make any inquiry or record of whether A.M. understood the rights he was waiving. In re A.M ., ¶¶ 14, 18. Justice Patricia Cotter, writing for the Court, cautioned:
As the Court is encountering an increasing number of stipulations in involuntary commitment cases, we deem it necessary to *131 reaffirm the principles of § 53-21-119(1), MCA, and our pronouncements in P.A.C. and R.W.K. We therefore hold that the District Court may not accept a stipulation to an involuntary commitment without first making an affirmative determination on the record-based upon the evidence presented, including representations of the respondent and/or his attorney and friend-that the person to be committed understands his procedural rights, and that he waives those rights intentionally and knowingly. In the alternative, if the respondent is not capable of making an intentional and knowing decision, the respondent's counsel and friend must make a record in compliance with § 53-21-119(1), MCA. Because no evidence was presented and no record was made in this case establishing a knowing and intentional waiver of A.M.'s procedural rights, we must reverse A.M.'s commitment.
We emphasize that any waiver of rights should preferably be made by the respondent himself when he is capable of making that decision, rather than doing so through the representations of counsel. Though we recognize that each involuntary commitment proceeding presents unique circumstances, we encourage the court, where possible to obtain on the record a personal waiver by the respondent of those rights he chooses to waive.
In re A.M. , ¶¶ 15-16. Although A.M. dealt only with the provisions of waiver pursuant to § 53-21-119(1), MCA, this Court recognized in In re A.M. , consistent with our precedent, that " 'As these and other statutes make clear, a hearing on a petition for involuntary commitment is not merely a pro forma requirement, but an opportunity for the parties-both the petitioner and the respondent-to present evidence upon which the trial court can make required findings and enter appropriate orders.' " In re A.M. , ¶ 10 (quoting In re E.P.B. , 2007 MT 224, ¶ 12, 339 Mont. 107, 168 P.3d 662 ).
***130 Here, the Court dispenses with the entire trial itself, ostensibly on the basis of paperwork containing S.D.'s "representations" filed by her attorney. Our decision does not comport with the statutory scheme or this Court's jurisprudence.
¶32 S.D. maintains "there must be a hearing before a respondent's rights can be waived under Mont. Code Ann. § 53-21-119(1). If the respondent is not present at that hearing, then the waiver of physical presence as described in Mont. Code Ann. § 53-21-119(2) must also be strictly followed." For the aforesaid reasons, I agree with S.D. and I dissent from the Court's decision concluding otherwise.
Justice Dirk Sandefur joins in the dissenting Opinion of Justice McKinnon.

The Court also refers to Flickinger's report as included in the "record" and classifies it as a document upon which the District Court could conclude S.D. was able to waive her right to trial. Opinion, ¶ 15. However, this report was only contained in the court file and was not admitted as evidence during a hearing, attached to an affidavit, and cannot otherwise be considered evidence.

Had the friend or professional person not concurred in the waiver, I am not sure where that would have left the trial court given that L.K. emphatically refused to attend the proceeding. In re L.K. , ¶¶ 6-7. It would seem unreasonable to forcefully detain a respondent during trial in order to ensure her physical presence and compliance with § 53-21-119(2), MCA. A continuance, perhaps useful to de-escalate the hearing, normally would not be an option given that the trial on the petition must generally occur within five days. Section 53-21-122(2)(a), MCA.

The Court inappropriately seizes upon language in In re P.A.C . Opinion, ¶ 14 ("We clarified that a respondent does not need to attend a hearing before her attorney can convey her waiver of her right to attend ...."). However, in In re P.A.C. the Court expressly stated that the respondent's right to attend and the provisions of § 53-21-119(2), MCA, were not at issue. In re P.A.C. , ¶ 10. It is true, as we stated in In re P.A.C. , that it is not necessary for the respondent to be required to attend the proceeding against her will and that to do so "would be a disservice to the respondent who does not wish to attend." In re P.A.C. , ¶ 15. However, in such a circumstance, the provisions of § 53-21-119(2), MCA, apply and the court may proceed with the hearing in the respondent's absence provided the proper concurrences for the waiver are obtained. In In re P.A.C. we expressly limited our inquiry to § 53-21-119(1), MCA, and did not address § 53-21-119(2), MCA.